Case 3:15-cv-01382-M-BF Document 20 Filed 06/24/16 Page 1 of 6 PageID 142

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 4 2016
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY PAUL GARCIA, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-1382-M |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2004, Petitioner pled guilty to indecency with a child and was sentenced to ten years deferred adjudication probation. *State of Texas v. Gregory Paul Garcia*, No. F37394 (249th Dist. Ct., Johnson County, Tex., Jun. 3, 2004). The State later filed a motion to revoke, and on December 17, 2007, the trial court revoked Petitioner's probation and sentenced him to ten years in prison. Petitioner did not file an appeal.

On July 27, 2014, Petitioner filed a state application for writ of habeas corpus. *Ex parte Garcia*, Application No. 82,041-01. On October 15, 2014, the Court of Criminal Appeals denied the petition without written order.

On April 28, 2015, Petitioner filed the instant § 2254 petition. He argues he received

ineffective assistance of counsel when counsel failed to:

1. reveal that he was not ready to go to trial;

2. believe that Petitioner was innocent until proven guilty;

3. view the videotape;

4. independently investigate the case; and

5. serve his interests to the best of his ability.

On August 11, 2015, Respondent filed his answer arguing the petition is time-barred. On September 8, 2015, Petitioner filed a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B) the date on which the impediment to filing an

Petitioner's claims relate to his June 3, 2004, guilty plea and deferred adjudication probation. Orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005).

Petitioner did not appeal from his June 3, 2004, placement on deferred adjudication probation. Therefore, his judgment of deferred adjudication probation became final thirty days later on July 3, 2004. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until July 3, 2005, to file his § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his state petition for writ of habeas corpus on July 27, 2014. This petition was filed after the AEDPA limitations period expired. It therefore did not

---

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

toll the limitations period.

Petitioner was required to file his federal habeas petition by July 3, 2005. He did not file his petition until April 28, 2015. His claims are therefore untimely.

**B.    Actual Innocence**

Petitioner states he should be excused from the limitations bar because he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claims. Instead, he relies on the plea record to argue he is actually innocent. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

**C.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims he is entitled to equitable tolling because he has been collecting evidence and trying to obtain his case file from his attorney for the past five years. (Pet. at 9.) Petitioner's claims are approximately ten years too late. He fails to state what evidence or material from his case file was required to file his § 2254 petition. He has made no showing that he was actively misled by the State about his claims or that he was prevented in some extraordinary way in filing his petition. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 24 day of June, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).