IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY PAUL GARCIA, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-1382-M |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions and a Recommendation (ECF No. 20) in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings and Recommendation to which objection was made. For the following reasons, the objections are overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

In his objections, Petitioner states he did not file a direct appeal because on June 3, 2004, his attorney and the probation officer informed him he could not appeal his placement on deferred adjudication probation. (ECF No. 21 at 1.) In his reply to Respondent's answer, however, Petitioner stated he did not file an appeal because it was waived. (ECF No. 17 at 2.) In any case, Petitioner's claim is barred by the statute of limitations. As discussed in the Magistrate Judge's Findings, Conclusions, and Recommendation, (ECF No. 20), the judgment in Petitioner's deferred adjudication probation became final on July 3, 2004. Under the AEDPA, Petitioner had one year, or until July 3, 2005, to file his § 2254 claims. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file this claim until eleven years later, when he filed his July 11, 2016, objections.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his state petition for writ of habeas corpus on July 27, 2014. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner also claims he is actually innocent, and is therefore excused from complying with the statute of limitations. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (finding that actual innocence, "if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations.") As discussed in the Magistrate Judge's Findings, Conclusions and Recommendation, however, a petitioner who claims actual innocence, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Petitioner has failed to submit any new evidence to support his claim.

Additionally, Petitioner fails to show he is entitled to equitable tolling of the limitations period. Petitioner states in his objections that he did not file his claim earlier because he did not know about the AEDPA's statute of limitations. (ECF No. 21 at 1.) However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (same). Petitioner's objections are therefore OVERRULED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find

this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

( X )  the petitioner will proceed *in forma pauperis* on appeal.

(   )  the petitioner will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 21st day of July, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
(a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.